IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER 25-221 |
| | : | |
| TIRIQ HENSON | : | |

### DEFENDANT'S SENTENCING MEMORANDUM

Tiriq Henson is 34-year-old life-long resident of the greater Philadelphia area who has never previously been so much as charged with a crime. He has a high school diploma, some college credits, a respectable employment history, and more than eleven years of continuous employment. Outside of his full-time employment he is deeply entrenched in the local youth and amateur basketball community and enjoys significant community and family support. He is deeply shamed by his crime but has moved forward with his life, maintained continuous employment, continued to be heavily involved in the basketball community, and married his partner in the Islamic church. For all of these reasons, defense counsel urges the court that a sentence of incarceration is not necessary.

**I.      Personal History**

Tiriq is a life-long resident of Philadelphia. His parents were never married and Tiriq bounced around between his mother, father and grandparents as a youth, but otherwise enjoyed a stable and positive childhood. He endured no arrests or criminal charges in the first 33 years of his life, prior to this matter. He has never abused drugs or alcohol and has no diagnosed mental illness. He struggled to find long-term stable employment after his graduation in June of 2010

1

until 2014, and worked in seasonal jobs at UPS and in temp agencies before obtaining employment at Prime Flight from 2014 to 2024. While working at PrimeFlight, Tiriq found supplementary employment through the City of Philadelphia at Strawberry Mansion Health Clinic, where he is now employed full-time.

In August of 2021, Tiriq met a woman named Sabrayah Carroll. They started dating on October 10, 2021, and had a daughter together, Egypt Henson, who was born premature on February 18, 2023. Tiriq also has a meaningful relationship with his stepdaughter, Azara Burton, who is now nine years old. Tiriq and Ms. Carroll have lived together since Egypt's birth, and were married in the Islamic church on May 25, 2025. The family of four still lives together and are braving the storm of Tiriq's criminal charges one day at a time.

Tiriq has always been passionate about coaching basketball since he was a teenager. He played basketball throughout his time at South Philadelphia High School and started as an assistant coach in 2011, the year after he graduated. After several years of working with South Philadelphia High School, Tiriq took a break from coaching but always felt the void in his life. In 2022, he returned to coaching and is now deeply involved in several youth and amateur basketball leagues, earning a number of league championships, and further entrenching himself in the local community. He also is an instructor at "Victory in Philly" free basketball clinic which is promoted by Kenyata Johnson and volunteered at the "3rd Annual Darnell Artis – We Not Me Turkey Giveaway" which was run out of the Lonnie Young Recreation Center at 1100 E Chelten Avenue in Philadelphia.

## II.     Offense Conduct and Acceptance of Responsibility

In the instant case he agreed to allow an acquaintance, Mr. Easley, to skip security lines so he could bring several bottles of promethazine syrup with him on his flight in exchange for

money (N.B., promethazine, or "syrup", is not illegal and Mr. Easley could have been legally packed they syrup in checked-luggage). Tiriq was a well-established employee with PrimeFlight since 2014. After he was caught, he was stricken with panic and grief about losing his job, possibly getting a co-worker fired too, and being investigated by federal agents. Tiriq promptly admitted to calling his boss that he had "messed up." He returned to the airport three days after the incident to meet with his employer and federal agents. He provided his cell phone, signed a consent to search the phone, and provided his security code. He met with agents again in September. When Tiriq received a target letter he met with appointed counsel, admitted wrongdoing, and immediately expressed his desire to plead guilty. He later waived his right to indictment by a grand jury and entered a guilty plea to an information, and will be saddled with a felony federal conviction for the rest of his life. Tiriq has disclosed his wrongdoing to his family, and he is sick with grief and shame to date.

### III.    The Need for a Sentence per § 3553(a)(2)

Defense counsel urges the court that incarceration is not necessary to meet the needs of a sentence in the instant matter, and that a probationary sentence is within his guidelines range. Tiriq recognizes the seriousness of his conduct, and the importance of airport security. Although, at the time, he was able to view his conduct as insignificant, he now appreciates that the security protocols he subverted are the same measures put in place to protect American lives. The fact that he has never been previously charged with a crime is, in and of itself, evidence of his respect for the law. This is further strengthened by his meeting with authorities and providing his cell phone contents to be used as evidence against him. He is severely shamed by his wrongful acts in this case and has had to disclose this embarrassing transgression to his family, and that it was done for a meager amount of money. The details of his arrest were immediately disseminated to

the other employees at PrimeFlight, and his federal prosecution has already served as significant message to dissuade similarly situated employees from abusing their security clearances in such a manner by showing them such conduct will immediately result in employment termination and federal criminal charges. Tiriq has agreed to not seek employment at an airport for 10 years and will not be in a position to commit this crime again for the statutory maximum 10 years prescribed for this crime by statute. There is no reason to believe that the public needs to be protected from other crimes committed by Tiriq. Finally, there is no need to provide Tiriq with educational or vocational training, medical care, or any other treatment.

IV.     **Need to Avoid Unwarranted Sentencing Disparities**

There is no concern that a probation sentence is so low that it will result in an unwarranted sentencing disparity and close consideration of the guidelines suggest that a sentence of incarceration would create a risk such a disparity. First, a sentence of probation in this matter is within the advisory guidelines, therefore there is no significant risk for an unwarranted sentencing disparity on the basis of a probation sentence being too low. Second, Tiriq is at the lowest end of the guideline ranges that call for a range of zero to six months and therefore he should receive a sentence at the bottom of the guidelines. Tiriq's guidelines are based on an offense level of 2 and a criminal history category of I. There are twenty-three combinations of offense levels and criminal history categories that result in guidelines of zero to six months and the only combination lower than Tiriq's would be offense level of 1 and criminal history category of I. Moreover, the guidelines would still call for a range of zero to six months if his offense level was 8 and his criminal history category was I, or if he had an offense level of 2 and his criminal history category was V. Logic would suggest, therefore, that without consideration of the case facts, that he should presumptively receive a sentence at the bottom of

that range. Finally, because there is no specific reference to a chapter 2 provision for the statute charged, the guidelines were determined by use of §2B2.3 which is titled "Trespass." Although the crime charged against Tiriq and the facts of this case are rare, there are a great deal of recent federal sentencings based on the trespass guidelines (or with guidelines including higher offense levels) where a sentence of probation was issued by federal courts. This provision was used for the sentencing guidelines for the individuals who were charged with trespassing into the United States Capitol to prevent a joint session of congress from counting electoral votes, certifying the election and completing the peaceful transfer of power.[1] In this case Tiriq allowed an individual to bypass security to bring several bottles of syrup, which is not a controlled substance. Defense counsel respectfully argues that these facts are significantly less egregious than those from January 6, 2021, and that a sentence of probation will not result in unwarranted sentencing disparity.

**V.     Conclusion**

For the reasons stated above defense counsel respectfully asks the Court to impose a term of probation.

                                                                Respectfully submitted,

                                                                */s/ Jonathan McDonald*
                                                                JONATHAN McDONALD
                                                                Assistant Federal Defender

---

[1] See the following cases with defendants who were sentenced to probation that were charged with 18 U.S.C. §1752 for knowingly entering or remaining in any restricted building (specifically the United States Capitol) without lawful authority to do so: US v. Felipe Marquez 21CR136; Stephen Ayres 21CR156; Nichols Rodean 21CR57; Steven Billingsly 21CR519; Matthew Council 21CR207; Debra Maimone 21CR289; Tyler Tew 22CR227; Hunter Palm 21CR393; James Ray Epps 23CR321; Stephen Horn 21CR301; Dillon Homol 23CR50; Matthew Lebrun 21CR136; Karol Chiwiesiuk 21CR236; Agnieszka Chwesiuk 21R536; Rachel Pert 21CR139; Jeffrey Witcher 21CR235; Brian McCreary 21CR125; Nichols Lentz 22CR53; Michael Daughty 21CR141; Kevin Cordon 21CR277; Robert Schomack 21CR278; Verden Nalley 21CR16; Jenny Cudd 21CR68; James Allen Mels 21CR184; James Brooks 22CR18; Treniss Evans III 21CR225; Tyler Slaeker 21CR604; Levi Gable 22CR189; Micael Greene 21CR28; Michael Gainos 22CR74; William Isaacs 21CR28; Sandra Parker 21CR28; Bennie Parker 21CR28; Conlin Weyer 22CR169; Josua Hall 22CR246; Heather Kepley 23CR162; Ronald Andrulonis 23CR85; Jerod Bargar 23CR85; and Reed Blake 21CR204.

**CERTIFICATE OF SERVICE**

I, Jonathan McDonald, Assistant Federal Defender, Trial Unit, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I caused a copy of Defendant's Sentencing Memorandum, to be served via Electronic Case Filing upon Priya Desouza, Assistant United States Attorney, United States Attorney's Office, Suite 1250, 615 Chestnut Street, Philadelphia, Pennsylvania 19106.

*/s/ Jonathan McDonald*
JONATHAN McDONALD
Assistant Federal Defender

Date:  January 21, 2026